# SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE(the "Agreement") is entered into by and between Garrison Protective Services, Inc. ("GPS") and Vashon Goss ("Goss"). This Agreement will become effective on the date it is fully executed by both parties.

## RECITALS AND TERMS

Goss contends that GPS violated the New York Labor Law § 191(1)(a).

GPS denies any and all liability to Goss and denies committing any of the wrongful or illegal acts alleged by Goss. GPS and Goss desire to enter into this Agreement to provide, among other things, for a complete and reasonable settlement and full discharge of any and all disputes between Goss and the Released Parties (as defined in Section 2(b), below) as set forth herein.

In exchange for the mutual promises contained in this Agreement, and for other good and valuable consideration that GPS and Goss acknowledge receiving, GPS and Goss agree as follows:

**Section 1 – Payment**

(a) **Sufficiency of Consideration.** Goss acknowledges and agrees that the payment provided under the terms of this Agreement is sufficient consideration for the releases and other promises made by Goss in this Agreement.

(b) **Payments.** In exchange for the promises and releases contained in this Agreement, GPS will pay Goss the total, gross amount of $12,000.00 (the "Settlement Sum") on the later of (i) fourteen (14) days of the Effective Date; or (ii) fourteen (14) days from GPS' receipt of any necessary W-4, W-9, or related tax preparation paperwork from Goss. If the deadline for payment ends on a Saturday, Sunday, or holiday, the payments will be made no later than the next regular business day.

Goss understands that the Settlement Sum shall constitute the sole financial obligation of GPS to Goss under the terms of this Agreement. Goss further acknowledges that he is not entitled to any additional compensation, wage, bonus, vacation, sick leave, benefit, or health or other insurance, or any other form of compensation whatsoever beyond that which is described in Section 1 of this Agreement. Goss acknowledges and agrees that he has been paid all wages due and for all hours worked for GPS.

(c)     **Distribution of Payments.**  The Settlement Sum shall be payable by GPS as follows:

  i.    Compensatory Damages; Consideration for General Release. GPS will pay $8,000.00 to Goss in full settlement of any claims Goss may have against GPS for compensatory and/or liquidated damages, and as consideration for the general release provision, according to the terms and conditions set forth in this Agreement. The Parties acknowledge and agree that this portion of the Settlement Sum represents compensation for disputed claims for compensatory and/or liquidated damages, and as consideration for the general release; therefore, as to this portion of the Settlement Sum, GPS will issue a Form 1099 to Goss, and GPS will not make any deductions or withholdings.

  ii.    Attorneys' Fees and Costs. GPS will pay $4,000.00 to the Law Office of David Wims in full settlement of any claims Goss has, had, or may have as to the recovery of his attorneys' fees and costs for his claims. Goss and his attorney will be solely responsible for any taxes payable for the receipt of such amount and shall receive a Form 1099 in the manner and at the time required by law. GPS will not be liable for the payment or reimbursement of any other attorneys' fees and costs incurred by Goss whatsoever. Further, the Parties agree that GPS will not withhold any amount from this portion of the Settlement Sum.

 (d)    **Indemnity for Fees and Taxes.**  Goss acknowledges that he is responsible for paying any taxes on amounts he receives because he signed this Agreement. Goss understands that he may be subject to higher income tax rates resulting from amounts he received because he signed this Agreement. Goss agrees to indemnify GPS for all expenses, penalties, or interest charges, or any attorneys' fees or related costs, it incurs as a result of not paying payroll taxes on, or withholding taxes from, amounts paid under this Agreement. Goss further agrees not to make any claim against GPS or other person based on how GPS reports amounts paid under this Agreement to tax authorities or if an adverse determination is made as to the tax treatment of any amounts payable under this Agreement. In addition, Goss understands and agrees that GPS has no duty to try to prevent such an adverse determination.

**Section 2 – Complete Release**

(a)    **Full and Final General Release.**  In exchange for the mutual promises contained in this Agreement, Goss and GPS agree to release, irrevocably and unconditionally, on behalf of themselves and their family, spouse, heirs, executors, administrators, estate, assigns, agents, successors, or anyone who can assert a claim through or on behalf of either party, any and all wage Claims

(as defined in Section 1(c), below) that either may now have against the other (as defined in Section 1(b), below) arising from conduct up to and including the Effective Date of this Agreement (the "Release").

(b)     **Released Parties.**  The "Released Parties" are jointly and severally GPS, and, as applicable, each of its parent companies, affiliates, subsidiaries, predecessors, successors, and any other related company, venture, partnership and, with respect to each of the foregoing entities, all of its past, present, and future officers, directors, shareholders, owners, employees, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries and insurers of such programs) and any other persons acting by, through, under or in concert with any of the persons or entities listed in this subsection (in their individual and representative capacities).

(c)     **Claims Released.**  In exchange for the payment of the Settlement Sum and GPS' promises contained in this Agreement, Goss releases GPS and the Released Parties, from any and all wage actions, including, without limitation, any claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law, articles 6 and 19, for which Goss had, has, or hereafter may have against GPS, from the beginning of time up to and including the date and time Goss executes this Agreement (the "Claims").  Similarly, GPS and the Released Parties release Goss from any and all wage actions, including, without limitation, any claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law, articles 6 and 19.

Goss, GPS and the Released Parties understand that each is releasing Claims that the parties may not know about. Such a release is the parties' knowing and voluntary intent, even though each recognizes that someday either might learn that some or all of the facts the parties currently believe to be true are not true. Nevertheless, the parties are assuming that risk and agree that this Agreement shall remain effective in all respects in any such case.

Goss, GPS and the Released Parties acknowledge that as to all Claims that are released herein, the consideration described in Section 1 is the sole relief provided to Goss for the released Claims and the Settlement Sum fully compensates Goss for all asserted or recoverable losses and damages.

(d) **Promise Not to Litigate Released Claims.** By executing this Agreement, Goss represents that he will immediately dismiss with prejudice the pending action between the instant parties in the E.D.N.Y., captioned *Goss v. Garrison Protective Services, Inc.*, Index No. 23CV5737 (JAM), has not filed any other charges, lawsuits, arbitration petitions, or administrative complaints, either in his name or on behalf of any other person or entity, against the Released Parties in any local, state or federal court or with any local, state, federal regulatory or administrative agency, other than the pending action above referenced, and will not bring any other action in the future for a Claim based on facts arising prior to the date and time he executes this Agreement, other than an action to enforce rights under this Agreement pursuant to Section 6(c), below.

(e) **No Known Violations**. All instant parties represent that: (i) they do not currently possess information that either party has violated, or allegedly violated, any law, regulation, or statute; and (ii) no party has failed to raise or report any such violations, or perceived violations,. By executing this Agreement, the parties represent that they have no information that would form a basis of a claim or report of fraudulent or illegal activity by any Party. Notwithstanding the foregoing, the parties are aware that they may hereafter discover claims or facts in addition to or different from those they now know or believe to be true with respect to the matters related herein. Nevertheless, and except as herein provided, it is the parties' intention to fully, finally, and forever settle and release all claims relative to the Claims which do now exist, or heretofore have existed between Goss and the Released Parties. In furtherance of such intention, the releases given herein shall be and remain in effect as full and complete releases of all such matters, notwithstanding the discovery of existence of any additional or different claims or facts relative thereto.

(f) **Surrender of Class Participation.** By executing this Agreement, to the fullest extent permissible pursuant to prevailing law, Goss waives and surrenders any right to become, and promises not to consent to become, a member of any class representative, private attorney general, or collective action, whether before a court or jury or in arbitration, in which claims are asserted against any Released Party.

(g) **No Liens.** Goss represents that no liens or third party interests encumber any payment made to Goss. Goss further agrees to indemnify, protect, defend and hold the Released Parties harmless from any and all loss, cost, damage or expense (including but not limited to court costs and reasonable attorneys' fees and costs) incurred by the Released Parties resulting from any claims by any person or entity that GPS failed to deposit, hold, or contribute any monies from any payment paid to Goss at any point prior to the Effective Date of the Agreement (inclusive of the Settlement Sum) in response to any lien or order of payment or contribution.

(h) **No Injuries or Amounts Owed.** Goss represents that Goss has not suffered any job-related wrongs or injuries for which Goss might still be entitled to compensation or relief, such as an injury for which Goss might receive a workers' compensation award in the future. Goss represents that, prior to the Effective Date, Goss has properly reported all hours that Goss has worked and has been paid all wages, overtime, commissions, compensation, benefits, and other amounts that GPS has ever owed Goss.

**Section 3 - <u>Promises</u>**

(a)     **Asked to Testify or Serve as Witness.** Goss agrees that Goss will not voluntarily testify, act as a witness, or provide any information orally or in writing, to any other person or entity concerning Goss's employment with GPS prior to the Effective Date, or the existence, terms, or underlying facts leading to this Agreement, except as otherwise provided for in this Agreement, nor will Goss state or suggest to any other person or entity that Goss should be subpoenaed to testify or provide information in any formal or informal proceedings against the Released Parties. If Goss ever receives a subpoena relating in any way to GPS or Goss's employment with GPS prior to the Effective Date, Goss shall immediately notify **GPS' Corporate Counsel at (631) 277-7086** within two (2) business days of Goss's receipt of the subpoena and in all events before the response date in order to give GPS sufficient time to take steps to protect such information from production or testimony.

(b)     **Compliance with Restrictions and Obligations.** Goss agrees that GPS' promises in this Agreement are expressly conditioned on Goss's compliance with the restrictions and obligations agreed to by Goss in this Agreement. Goss agrees that these provisions are a material component of this Agreement and a part of the consideration for the Agreement itself.

**Section 4 - <u>Promises</u>**

(a)     **Ownership of Claims.** Goss has not assigned, transferred, or given away any of the Claims Goss is releasing, nor has Goss purported to do so. Goss represents that no child support order, garnishment orders, or other orders requiring Goss to pay money to any other person are now in effect.

(b)     **No Admission of Liability.** Goss agrees not to assert that this Agreement is an admission of guilt or wrongdoing by GPS or any Released Party, and Goss acknowledges that GPS and the Released Parties deny that they have engaged in wrongdoing of any kind or nature.

(c)     **Implementation.** Goss agrees to sign any documents, and take any action, that is necessary in the future to implement this Agreement.

(d)     **Neutral Reference.** GPS agrees that if it receives a request for an employment reference from a prospective employer of Goss, GPS shall only provide to the prospective employer information regarding Goss's dates of employment and job titles.

(e)     **Personnel File.** GPS will segregate into a separate, file any adverse information from Goss's personnel file regarding Goss's termination and the basis for his termination with a cover note placed on top of that file stating that the adverse information was disputed by Goss in the Goss Litigation and subsequently removed from his personnel file as a term of settlement of that litigation and that such adverse information is to be maintained as and not disclosed to any third party absent lawful legal process compelling the disclosure of such information.

### Section 5 – Joint Drafting

This Agreement was jointly negotiated and drafted by GPS and its counsel, and Goss and Goss's counsel, and shall not be construed against any party as the drafter hereof.

### Section 6 – Miscellaneous

(a)     **Entire Agreement and Severability.** This is the entire agreement between Goss and the Released Parties on the subject matter of this Agreement. This Agreement may not be modified or canceled in any manner except by a writing signed by both Goss and an authorized GPS official. Goss and the Released Parties acknowledge that neither of them has made any representations or promises other than those in this Agreement. If any provision in this Agreement is found to be unenforceable, all other provisions will remain fully enforceable. The covenants set forth in this Agreement shall be considered and construed as separate and independent covenants. Should any part or provision of this Agreement be held invalid, void, or unenforceable in any court or agency of competent jurisdiction, or by an arbitrator or panel of arbitrators, such invalidity, voidness, or unenforceability shall not render invalid, void, or unenforceable any other part or provision of this Agreement.

(b)     **Interpretation and Forum.** This Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against Goss or any Released Party. Unless the context indicates otherwise, the singular or plural number shall be deemed to include the other. Captions are intended solely for convenience of reference and shall not be used in the interpretation of this Agreement. This Agreement shall be governed by the statutes and common law of the state of New York, without regard to conflict of law principles.

(c)     **Enforcement.** The Parties retain any rights they may have arising from a breach of this Agreement. Any use of this Agreement in any action arising from a breach of the Agreement shall be "under seal" only. The failure of Goss or any Released Party to insist upon the performance of any of the terms and conditions in this Agreement, or the failure to prosecute any breach of any of the terms and conditions of this Agreement, shall not be construed as a waiver of any term or condition of this Agreement. This entire Agreement shall remain in full force and effect as if no such forbearance or failure of performance had occurred.

(d) **Goss's Acknowledgment**. Goss acknowledges that no representation, promise, or inducement has been made other than as set forth in this Agreement, and that Goss enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Goss further acknowledges and represents that Goss assumes the risk for any mistake of fact now known or unknown, and that Goss understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted

(e) **Successors**. This Agreement binds Goss's heirs, administrators, representatives, executors, successors, and assigns, and will inure to the benefit of all Released Parties and their respective heirs, administrators, representatives, executors, successors, and assigns.

(f) **Execution of the Agreement.** This Agreement may be executed in two counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same document.

**GOSS HAS COMPLETELY READ THE TERMS OF THIS AGREEMENT AND FULLY UNDERSTANDS THEM AND VOLUNTARILY ACCEPTS THEM FOR THE PURPOSE OF MAKING A FULL AND FINAL COMPROMISE AND SETTLEMENT OF ALL CLAIMS, DISPUTED OR OTHERWISE, ON ACCOUNT OF THE MATTERS AND THINGS ABOVE MENTIONED.**

Executed this  24/02/202  day of  24/02/2024 , 2024.

_V.G_
Vashon Goss (Feb 24, 2024 13:44 EST)
VASHON GOSS

Executed this _____ day of _____, 2024.

_____
GARRISON PROTECTIVE SERVICES, INC.

By: _____

Its: _____

- 7 -

PD.39936114.1

# GossSettAgr1

Final Audit Report    2024-02-24

| | |
|---|---|
| Created: | 2024-02-24 |
| By: | David Wims (dwims@wimslaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAOO8D4qfiDJH7kak5BRMK1-Q1w5tWqQ4a |

## "GossSettAgr1" History

- Document created by David Wims (dwims@wimslaw.com)
  2024-02-24 - 6:38:55 PM GMT

- Document emailed to Vashon Goss (vashongoss98@gmail.com) for signature
  2024-02-24 - 6:38:59 PM GMT

- Email viewed by Vashon Goss (vashongoss98@gmail.com)
  2024-02-24 - 6:39:07 PM GMT

- Document e-signed by Vashon Goss (vashongoss98@gmail.com)
  Signature Date: 2024-02-24 - 6:44:13 PM GMT - Time Source: server

- Agreement completed.
  2024-02-24 - 6:44:13 PM GMT

**Adobe Acrobat Sign**

(d)     **Goss's Acknowledgment.** Goss acknowledges that no representation, promise, or inducement has been made other than as set forth in this Agreement, and that Goss enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Goss further acknowledges and represents that Goss assumes the risk for any mistake of fact now known or unknown, and that Goss understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted

(e)     **Successors.** This Agreement binds Goss's heirs, administrators, representatives, executors, successors, and assigns, and will inure to the benefit of all Released Parties and their respective heirs, administrators, representatives, executors, successors, and assigns.

(f)     **Execution of the Agreement.** This Agreement may be executed in two counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same document.

**GOSS HAS COMPLETELY READ THE TERMS OF THIS AGREEMENT AND FULLY UNDERSTANDS THEM AND VOLUNTARILY ACCEPTS THEM FOR THE PURPOSE OF MAKING A FULL AND FINAL COMPROMISE AND SETTLEMENT OF ALL CLAIMS, DISPUTED OR OTHERWISE, ON ACCOUNT OF THE MATTERS AND THINGS ABOVE MENTIONED.**

Executed this _____ day of _____, 2024.

_____
VASHON GOSS

Executed this _26th_ day of _February_, 2024.

GARRISON PROTECTIVE SERVICES, INC.
By: _____
Its: _____President_____

- 7 -

PD.39936114.1